

C.E. Kimberly Lind, SBN 275635
Marisa K. Commerford, SBN 274714
KO LEGAL, INC.
100 W. Broadway, Suite 250
Long Beach, CA 90802
Tel: (562) 482-0966
Email: Kim@KO-Legal.com
　　　　Marisa@KO-Legal.com

Attorneys for Plaintiff,
CARLA SINGLETON

John H. Haney, SBN 299970
HOLLAND & KNIGHT LLP
400 S. Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Email: john.haney@hklaw.com

Attorneys For Defendants,
ACADIA HEALTHCARE COMPANY, INC.
ACADIA MANAGEMENT COMPANY, LLC

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA SINGLETON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ACADIA HEALTHCARE COMPANY, INC.; ACADIA MANAGEMENT COMPANY, LLC DOES 2-10, inclusive,<br><br>　　　　Defendants | Case No. 2:25-cv-10781-SRM (SKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Removal Filed: November 10, 2025<br>Action Filed:　　August 22, 2025<br>Trial Date: None |

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated General and HIPAA Qualified Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, health, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, private health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), confidential business or financial information; information regarding confidential business practices; confidential customer information, including information about customers' preferences, pricing, and service requirements; customized sales-management software and data; information regarding internal profitability for party-managed assets; other confidential research, development, or commercial information (including information implicating privacy rights of third parties); and information otherwise generally unavailable to the public, or which may

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Further, confidential materials and information may also consist of records relating to healthcare treatment, pharmacy records that include prescription information, birthdates, social security numbers, phone numbers, and other HIPAA-protected information.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    DEFINITIONS

    3.1.    Action: the instant action, styled as *Carla Singleton v. Acadia Healthcare Company et al., Incorporated; Does 2-10*, pending before the United States District Court for the Central District of California, Case No. 2:25-CV-10781-SRM-SKX.

    3.2.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    3.3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    3.4.    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

2
STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

3.5.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to an individual or to the business or competitive position of the Designating Party. Documents relating to the employment, compensation, performance, discipline, or separation of any current or former employee shall not be eligible for HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY designation solely on the basis of business or competitive harm.

3.9.    House Counsel: attorneys, law clerks, paralegals, and legal secretaries who are employees in the legal department of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel who are employees of a party to this Action.

3.10.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.11.    Outside Counsel of Record: attorneys, and their support staff, who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

3

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

3.12.  Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

3.13.  PHI: "Protected health information", as that term is defined by 42 U.S.C. § 1320d(4) of the Health Insurance Portability and Accountability Act and 45 C.F.R. §160.103. Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

3.14.  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.15.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16.  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.17.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

4

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 5.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.    DESIGNATING PROTECTED MATERIAL

6.1.    Exercise of Restraint and Care in Designating Material for Protection.

(a)    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b)    Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

(c)    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

6.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 6.2(a) (below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains protected material (except where the Producing Party is producing native electronic files, such as an Excel spreadsheet, in which case the Producing Party shall designate the native file in a written communication to the Receiving Party). If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

(c)    For testimony given in depositions, by stipulation read into the record the Parties and/or Non-Party deponent may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the Parties and Non-Party deponent shall review the transcript within fourteen (14) days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. If a trial, hearing, or other court proceeding in this case is scheduled to take place within fourteen (14) days of the Parties and Non-Party deponent's receipt of the transcript for review, the deposition testimony will be presumed to be non-confidential for purposes of such proceeding unless the Designating Party makes specific designations in advance of such proceeding. If no such proceeding is scheduled to take place within fourteen (14) days of the Parties and Non-Party deponent's receipt of the transcript for review, no Party shall publicly file or quote deposition testimony until fourteen (14) days have passed since the receipt of a deposition transcript by the Parties, unless (1) the Designating Party has already made specific designations, or (2) the Parties agree that the testimony to be publicly filed or quoted is neither "CONFIDENTIAL" nor "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." After fourteen (14) days from the Parties and Non-Party deponent's receipt of the transcript for review, the Parties may publicly file or quote non-designated testimony.

(d)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

7.3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous designations or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating or Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

8
STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for prosecution or defense of this Action;

(c)   Plaintiff Carla Singleton, in her individual capacity as a named party to this Action, to whom disclosure is reasonably necessary for the prosecution of this Action. Plaintiff's access under this subsection does not require execution of the Acknowledgment and Agreement to Be Bound attached as Exhibit A. Plaintiff is bound by the terms of this Order by virtue of her status as a party to this Action and her counsel's execution of this Order on her behalf;

(d)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)   the Court and its personnel;

(f)   private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)   any deposition, proceeding, or hearing witness who previously has had access to the "CONFIDENTIAL" Information or who is currently or was previously

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

an officer, director, employee or agent of an entity that has had access to the "CONFIDENTIAL" Information;

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(k) any mediator, third party neutral or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(l) any other person or entity that Designating Party agrees to in writing.

8.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party's House Counsel;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for prosecution and defense of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

(e)     private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(i)     Notwithstanding the foregoing, Plaintiff Carla Singleton may review materials designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" subject to the following conditions: (1) review shall occur only at the offices of Plaintiff's Counsel of Record, or at such other location as the parties may agree in writing; (2) Plaintiff shall not retain, copy, photograph, or otherwise reproduce any AEO-designated document or its contents; (3) Plaintiff's review shall be limited to purposes directly necessary to assist counsel in the prosecution of this Action; and (4) prior to any such review, Plaintiff shall execute a written acknowledgment confirming her understanding of and agreement to be bound by the terms of this Order with respect to AEO materials. Such acknowledgment shall not include the California agent for service of process designation set forth in Exhibit A, which requirement is waived as to Plaintiff.

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

12

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   make the information requested available for inspection by the Non-Party, if requested.

10.3. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

12.    <u>HIPAA AND PHI</u>

12.1. In addition to a General Protective Order, the Parties also stipulate to a "qualified protective order" within the meaning of <u>45 C.F.R. § 164.512(e)(i)(v)</u>. The Parties are required to comply with the requirements and limitations of <u>45 C.F.R. § 164.512(e)(i)(v)</u> with respect to Protected Health Information, as that term is defined by <u>45 C.F.R. § 160.103</u>. These requirements and limitations do not apply to information that is not PHI.

12.2. The Signatories are familiar with HIPAA and the Privacy Standards.

12.3. The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and non-parties to other parties, third-parties, and nonparties and their attorneys and representatives.

12.4. The Signatories intend that any and all PHI produced in this action shall be automatically deemed Confidential Material and governed by this Protective Order, even if not separately designated as such by the producing Party or non-Party.

12.5. California privilege law governs the scope of permissible PHI disclosure, including the physician-patient privilege under <u>California Evidence Code section 994</u> and the psychotherapist-patient privilege under <u>California Evidence Code section 1014</u>; provided that the Parties do not waive their respective positions as to when such privileges apply to discovery requests or disclosures in this action. The Signatories and Covered Entities are permitted to release PHI in their possession in response to a subpoena, discovery request, or other lawful process to the extent permitted by applicable laws, and subject to the following limitations:

(a) Any waiver of privilege arising from Plaintiff's claims in this Action extends only to PHI directly relevant to the specific physical, mental, or other health condition(s) Plaintiff has placed at issue through her Action, without waiver of the Parties' respective positions on the scope of such waivers;

14

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

(b) Prior to service of any subpoena to a third-party covered entity seeking Plaintiff's PHI, the requesting party shall provide Plaintiff with no less than seven (7) days' written notice prior to service on the third-party covered entity, so as to afford Plaintiff a reasonable opportunity to seek a protective order or move to quash prior to the subpoena compliance date;

(c) Any dispute regarding the scope of permissible PHI disclosure under this section shall be governed by L.R. 37 and the assigned Magistrate Judge's procedures related to discovery disputes;

(d) Nothing in this section or Agreement overrides or limits compliance with 42 C.F.R. Part 2, or any other applicable federal or state law that limits or controls the disclosure and/or use of PHI.

12.6. The Signatories agree not to use or disclose the PHI released for this lawsuit for any other purpose or in any other proceeding.

12.7. The Signatories are permitted to use the PHI in any manner that is reasonably connected with this lawsuit. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

12.8. The Signatories agree that within 60 days of the Final Disposition of the Action (as defined in Section 5 herein), all Signatories that obtained PHI during the course of this lawsuit shall destroy said PHI or return it to the covered entity from which it obtained the PHI.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

14.   MISCELLANEOUS

14.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15.   FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material no later than 60 days after Designating Party's written request. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after final disposition of the Action.

16.    VIOLATION

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated:  June 4, 2026              HOLLAND & KNIGHT LLP

                                  By: _/s/ John H. Haney_

                                  John H. Haney
                                  Attorney for Defendants
                                  ACADIA HEALTHCARE COMPANY, INC.
                                  ACADIA MANAGEMENT COMPANY, LLC


Dated:  June 4, 2026              By: _/s/ C.E. Kimberly Lind_
                                  C.E. Kimberly Lind
                                  Attorney for Plaintiff
                                  CARLA SINGLETON

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____June 5, 2026_____

                                  Steve Kim, U.S. Magistrate Judge

STIPULATED GENERAL AND HIPAA QUALIFIED PROTECTIVE ORDER

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated General and HIPAA Qualified Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Carla Singleton v. Acadia Healthcare Company, et al., Incorporated; Does 1-10*, Case No. 2:25-CV-10781-SRM-SKX, I agree to comply with and to be bound by all the terms of this Stipulated General and HIPAA Qualified Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated General and HIPAA Qualified Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated General and HIPAA Qualified Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated General and HIPAA Qualified Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: ____ _____

Signature: _____

1

EXHIBIT A

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450